IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-50-MWM-1 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| RENELL BARNETT, | : | |
| Defendant. | : | |

**ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER AND REQUEST FOR BAIL (DOC. 60)**

This case is before the Court on Defendant Renell Barnett's Motion for Review of Detention Order and Request for Bail (Doc. 60). On April 23, 2019, Mr. Barnett made his initial appearance on a complaint and, on April 29, 2019, Magistrate Judge Karen Litkovitz ordered that he be detained pending trial. On May 1, 2019, Mr. Barnett was indicted with two other defendants on one count of engaging in a conspiracy to distribute in excess of 100 grams of fentanyl and individually on five additional counts of distribution and attempt to distribute fentanyl. (Doc. 15.) Mr. Barnett now asks the Court to review the detention order and release him from custody pursuant to the Bail Reform Act and the Fifth Amendment's Due Process Clause. For the reasons below, Mr. Barnett's motion is **DENIED**.

## ANALYSIS

While the Sixth Circuit has not mandated a specific standard of review regarding detention orders, the "majority view appears to favor … *de novo* review of detention orders." See *United States v. Yamini*, 91 F. Supp2nd 1125, 1127 (S.D. Ohio 2000).

Under 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community when there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. In this case, Mr. Barnett is subject to this presumption because the Indictment establishes probable cause that he has committed such a crime. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The factors relevant to determining whether a defendant may be released on bond are: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger the defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g).

Regarding the first factor, Mr. Barnett is charged with conspiring to distribute fentanyl, a notoriously lethal drug. He is specifically alleged to have, himself, sold quantities of fentanyl on five different occasions. He and his co-defendants worked together to arrange numerous drug transactions. Agents found during the execution of search warrants of his and his co-defendant's homes digital scales with residue, suspected fentanyl packaged in the same manner as had been sold to sources, United

States currency banded in rubber bands, multiple cellular telephones and weapons.

The second factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). The evidence surrounding the charges against Mr. Barnett raises serious safety concerns. Fentanyl is one of the deadliest narcotics sold by drug dealers. Merely 2 milligrams is a lethal dose in most people. *See* United States Drug Enforcement Administration, Media Galleries, Fentanyl, (available at https://www.dea.gov/galleries/drug-images/fentanyl) (last visited 10/9/20). In this case, defendants are alleged to have conspired to distribute more than 100 grams of fentanyl. Doing the math, 100 grams of fentanyl contains 50,000 lethal doses. In addition, the National Institute on Drug Abuse has observed that "[s]ome drug dealers are mixing fentanyl with other drugs, such as heroin, cocaine, methamphetamine, and MDMA. . . . This is especially risky when people taking drugs don't realize they might contain fentanyl as a cheap but dangerous additive," making overdose more likely. *See* National Institutes of Health, Fentanyl DrugFacts (available at https://www.drugabuse.gov/publications/drugfacts/fentanyl) (last visited 10/9/20).[1] The Sixth Circuit and its sister circuits have consistently upheld drug trafficking as warranting detention because of the danger it poses to the community. *United States v. Stone*, 608 F.3d 939 (6th Cir. 2010).

The third factor is the history and characteristics of the defendant. As the Magistrate Judge noted in her detention order, Mr. Barnett has a criminal history that

---

[1] The Court takes judicial notice of the facts from these publicly available government websites because they are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2).

includes offenses of a similar nature, including prior drug convictions; has violated the conditions of probation, parole, or supervised release previously imposed by the Court; is addicted to or abuses alcohol or mood-altering chemicals and is likely to continue such conduct and violate the law or the conditions of bond if released; has provided information that conflicts with the information provided by a third party contact; and has failed to appear for court proceedings in the past. These facts do not support Mr. Barnett's assertion that he is neither a flight risk nor a serious danger to the community.

The fourth factor—the danger to the community—has been discussed in the context of the above three factors. Mr. Barnett would present a serious risk of harm to the community if released.

In rebuttal, Mr. Barnett asserts that he has a family in Ohio and has been extremely involved in his children's lives. He acknowledges that he has failed to appear as required in prior state cases but argues that, having recognized the consequences of failing to appear, he would not do so in the future. Mr. Barnett is also amenable to any electronic monitoring device that the Court might require. Finally, he cites concerns regarding the delay in bringing this matter to trial due to the determination of a co-defendant's competency to stand trial and the COVID-19 pandemic. As for the latter, Mr. Barnett worries his health is at risk so long as he remains incarcerated at the Butler County Jail.

Mr. Barnett's assertions do not rebut the presumption that he should be detained. The evidence and information of record establishes by a preponderance of the evidence that Mr. Barnett's release would pose a risk of nonappearance and further establishes, by clear and convincing evidence, that his release would present a danger to the community.

In addition, the Court has taken measures to protect everyone involved from COVID-19 should this matter proceed to trial. *See* General Order 20-27, available at https://www.ohsd.uscourts.gov/sites/ohsd/files//General%20Order%2020-27.pdf.

## CONCLUSION

For the above reasons, the Motion for Review of Detention Order and Request for Bail (Doc. 60) is hereby **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: ___*/s/ Matthew W. McFarland*___
    JUDGE MATTHEW W. McFARLAND
